UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CANDICE T.,[1] <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security *et al.*, <br><br> Defendants. | Case No. 2:22-cv-00640- BNW <br><br> **ORDER** |

Presently before the Court is Plaintiff's Motion for Reversal and/or Remand. (ECF No. 20). Defendant filed a response in opposition (ECF No. 22) and a Countermotion to Affirm the Agency Decision (ECF No. 21). Plaintiff then filed a Reply in support of her motion (ECF No. 23). On April 19, 2022, the parties consented to the case being heard by a magistrate judge in accordance with 28 U.S.C. § 636(c), and this matter was assigned to the undersigned magistrate judge for an order under 28 U.S.C. § 636(c). ECF No. 4. For the reasons stated below, the Court affirms the Commissioner's final decision.

**I.    Background**

On February 22, 2018, Plaintiff applied for disability insurance benefits under Title II of the Social Security Act, alleging an onset date of March 1, 2017. ECF No. 17-1[2] at 292-302. Plaintiff's claim was denied initially and on reconsideration. *Id*. at 158-173 and 141-157. A telephonic hearing was held before Administrative Law Judge ("ALJ") Gregory Hamel on January 5, 2021. *Id*. at 107-139. On February 3, 2021, ALJ Hamel issued a decision finding that Plaintiff was not disabled. *Id*. at 29-47.  On March 16, 2022, the Appeals Council denied review.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

[2] ECF No. 17 refers to the Administrative Record in this matter which, due to COVID-19, was electronically filed. (Notice of Electronic Filing (ECF No. 17)). All citations to the Administrative Record will use the CM/ECF page numbers.

*Id*. at 8-14. On April 25, 2022, Plaintiff commenced this action for judicial review under 42 U.S.C. § 405(g). *See* Compl. (ECF No. 7).

## II. Discussion

### 1. Standard of Review

Administrative decisions in Social Security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See id.*; *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004).

1  When the evidence will support more than one rational interpretation, the court must defer to the
2  Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten*
3  *v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue
4  before the court is not whether the Commissioner could reasonably have reached a different
5  conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on
6  the ALJ to make specific findings so that the court does not speculate as to the basis of the
7  findings when determining if the Commissioner's decision is supported by substantial evidence.
8  Mere cursory findings of fact without explicit statements as to what portions of the evidence were
9  accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981).
10 The ALJ's findings "should be as comprehensive and analytical as feasible, and where
11 appropriate, should include a statement of subordinate factual foundations on which the ultimate
12 factual conclusions are based." *Id.*

### 2. Disability Evaluation Process and the ALJ Decision

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). Moreover, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that she can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(a)(4)(i). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(a)(4)(ii). If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* § 404.1520(a)(4)(iii). If the individual's impairment or combination of impairments meets or equals the criteria of a listing and the duration requirement, then a finding of disabled is made. *Id.* § 404.1520(d). Otherwise, the analysis proceeds to step four.

However, before moving to step four, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1560; *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1545. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(a)(4)(iv). PRW means work performed

either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years. In addition, the work must have lasted long enough for the individual to learn the job and performed an SGA. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual can do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If she can do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence demonstrating that other work exists in significant numbers in the economy that the individual can do. *Yuckert*, 482 U.S. at 141–42.

Here, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a). ECF No. 17-1 at 33-46.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 22, 2018, the application date. *Id*. at 27.

At step two, the ALJ concluded that Plaintiff had the following severe impairments: multiple sclerosis (MS), headaches, alcohol and substance abuse disorders, schizophrenia spectrum and other psychotic disorders, somatic symptom disorder (SSD), and oppositional defiance disorder (ODD). *Id*. at 28.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*.

The ALJ then found that Plaintiff has the RFC to perform "light work" with the following limitations: she cannot climb ladders or similar devices. The claimant cannot work in hazardous environments, such as unprotected heights and dangerous machinery. The claimant can frequently, but not constantly, handle and finger. The claimant can focus on, remember, understand, and carry out instructions and maintain appropriate work pace with respect to simple,

routine, repetitive tasks. She cannot perform tasks requiring more than occasional public contact or more than occasional interaction with coworkers. The claimant cannot perform tasks with a strong production pace element. *Id*. at 37.

At step four, the ALJ determined that Plaintiff could not perform past relevant work as a cashier, bartender, kitchen helper or waitress. *Id*. at 44.

At step five, the ALJ considered Plaintiff's age, education, work experience, and RFC and found there are jobs that exist in significant numbers in the national economy that she can perform. *Id*. at 44–45. Specifically, the ALJ found that Plaintiff can work as a stock checker or retail marker. *Id*. at 45. The ALJ then concluded that Plaintiff was not under a disability at any time since February 22, 2018. *Id*. at 46.

**3. Analysis**

**A. Whether the ALJ erred in finding Dr. Racoma's opinion not persuasive**

The ALJ found that Dr. Racoma's opinion was not persuasive because it was not consistent with the medical evidence. In addition, the ALJ found Dr. Woods' opinion was consistent with the medical evidence. Given this, and as explained below, this Court finds the ALJ did not need to make any other findings. ECF No. 20, p. 12.

Plaintiff asserts that both Dr. Racoma's opinion and Dr. Woods' opinion were consistent and supported by record; and therefore, the ALJ should have considered other factors (i.e. such as the relationship factors)[3] to determine whether Dr. Racoma' opinion was persuasive. *Id.* at 15.

The Court agrees with Defendant that the ALJ was not required to articulate any other factors considered because the opinions of Dr. Wood and Dr. Racoma were both equally well-supported, but only Dr. Woods' opinion was consistent with the record. Given the law only requires the ALJ to consider other factors when two different opinions are equally well-supported *and consistent* with the record, the ALJ did not err.

---

[3] The relationship factors consider the length of the treatment relationship between patient and doctor, the frequency of the examinations and the purpose of the treatment relationship in determining the persuasiveness of the medical opinion. C.F.R. § 416.920c(c)(3).

The ALJ is required to articulate findings regarding only supportability and consistency with the evidence. 20 C.F.R. § 416.920c(b)(2) (identifying two most important factors, supportability and consistency), (c) (enumerating all factors); *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022). *Woods* affirms that the most important factors when evaluating the persuasiveness of medical opinions are "supportability" and "consistency." *Id.* (citing 20 C.F.R. § 404.1520c(a)). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant ... objective medical evidence.'" *Id.* (citing § 404.1520c(c)(1). "Consistency means the extent to which a medical opinion is 'consistent ... with the evidence from other medical sources and nonmedical sources in the claim.'" *Id.* (quoting § 404.1520c(c)(2)).

An ALJ is required to articulate how he considered the other factors, such as the prior relationship between the doctor and patient, only if he finds "that two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported (paragraph (c)(1) of this section) and consistent with the record (paragraph (c)(2) of this section) but are not exactly the same." 20 C.F.R. § 416.920c(b)(3). In this instance, the ALJ found that Dr. Woods' and Dr. Racoma's opinions were equally well-supported but did not find that they were both consistent. ECF No. 17 at 43-44.

The ALJ observed that Dr. Racoma's findings of severe anxiety and problems with focus and concentration supported the opinion. *Id.* However, the ALJ noted that the opinion was not consistent with the record as a whole. *See* 20 C.F.R. § 416.920c(c)(2). For example, the ALJ observed that Dr. Racoma noted Plaintiff had difficulty concentrating and was easily distracted (ECF 17 at 36). However, in her function report, Plaintiff reported being able to count change and use a checkbook and said she finished what she started (*Id.* at 362, 364). At her examination with Dr. Wood, Plaintiff described her ability to concentrate as "good," and she was able to complete simple math problems (*Id.*, citing AR 793, 795). Further, the ALJ noted that Dr. Racoma stated Plaintiff experienced impaired impulse control and mood disturbance (*Id.* at 931). But, the ALJ observed, Plaintiff frequently had normal mental status examinations (*Id.* at 745, 814, 829, 841, 868, 896, 966). Plaintiff reported that she prepared meals, shopped in stores, paid bills, and

handled a savings account (*Id.* at 361-62). Importantly, Plaintiff also reported that she worked part time as a bartender (*Id.* at 798). *See Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) (evidence of a plaintiff's part time work that conflicts with a physician's opinion is a legitimate reason to reject the opinion).

Plaintiff is correct that an ALJ "cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Wood*, 32 F.4th at 792. But here, the ALJ provided an explanation supported by substantial evidence as to why Dr. Racoma's opinion was not consistent with the medical record. Thus, the ALJ did not err.

**B. Whether the ALJ Failed to Account for Plaintiff's Severe Somatic Symptom Disorder when Articulating Reasons for Rejecting Her Symptom Testimony**

Plaintiff challenges the ALJ's symptom analysis only as it relates to her somatic symptom disorder (*see* ECF No. 20, p. 15-19). Specifically, Plaintiff argues the ALJ had an obligation to consider, when discounting Plaintiff's testimony concerning the intensity, persistence and limiting effects of her symptoms, whether Plaintiff's perception of greater symptoms or limitations was explained by the severe somatic symptom disorder. Defendant's position is that the ALJ demonstrated clear and convincing reasons for discounting some of Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms related to somatic symptom disorder. The Court agrees with Defendant.

In deciding whether to admit a claimant's subjective complaints, the ALJ must engage in a two-step analysis. *See Garrison v. Colvin*, 759 F.3d 995, 1014; *Batson v. Comm'r*, 359 F.3d 1190, 1196 (9th Cir. 2004). First, Plaintiff must produce objective medical evidence of her impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Garrison*, 759 F.3d at 1014. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of her symptoms only by offering specific, clear and convincing reasons for doing so. *Id.* at 1015.

An ALJ may reject a claimant's testimony if there is "conflicting medical evidence, effective medical treatment, medical noncompliance, inconsistencies in the claimant's testimony

or between her testimony and her conduct, daily activities inconsistent with the alleged symptoms, and testimony from physicians and third parties about the nature, severity and effect of the symptoms about which the claimant complains." Robert H., Plaintiff, v. Commissioner, Social Security Administration, Defendant., No. 6:22-CV-00565-MC, 2023 WL 5606982, at *3 (D. Or. Aug. 30, 2023) (citations and internal quotation marks omitted). Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. ECF No. 17, p. 35. However, the ALJ discounted Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms, noting that the statements were not consistent with medical evidence and other evidence in the record. *Id.* The ALJ was therefore required to provide specific, clear and convincing reasons for discounting Plaintiff's subjective complaints. *See Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (ALJ must make specific findings, sufficiently specific enough to ensure that he did not "arbitrarily discredit" a claimant's subjective testimony).

>The listing for somatic symptom disorder lists as signs and symptoms attributable to it:
>
>"pain and other abnormalities of sensation, gastrointestinal symptoms, fatigue, a high level of anxiety about personal health status, abnormal motor movement, pseudoseizures, and pseudoneurological symptoms, such as blindness or deafness."

20 C.F.R. Part 404, Subpart P, Appendix 1, List 12.07. The ALJ acknowledged that Plaintiff has limitations attributable to these symptoms as assessed in the RFC (ECF No. 17 at 37-8). Particularly, the ALJ acknowledged Plaintiff's testimony that she experienced anxiety, forgetfulness, migraines, headaches, tremors in her legs and hands, and tingling in her fingers. (*Id.* at 38, 118, 122-26).

However, the ALJ found that the medical evidence showed that Plaintiff's anxiety improved while she was medicated. (*Id.* at 40, 749). "Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). The ALJ additionally found that although her anxiety was measured as a six out of ten by Dr. Wood in

2018 (ECF No. 17 at 800), in 2019 and 2020, she denied anxiety and depression and was noted to not be suicidal, homicidal or psychotic, nor did she have impaired functioning. (*Id.* at 41, 960, 1015).

Further, the ALJ found that her forgetfulness as noted in testing of her long-term memory was below average in 2018 as tested by Dr. Wood. (*Id.* at 41, 800). She reported short-term memory problems and problems with word search and choice in April 2018, but the examiner found she had appropriate judgment and normal memory. (*Id.* at 40, 735-736). Other psychiatric testing showed normal results including memory and judgment. (*Id.* at 40-41, 745, 814, 829, 841, 88, 890, 966). Therefore, the ALJ correctly concluded that this sign of somatic symptom disorder did not reflect a disabling condition. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (affirming ALJ's rejection of claims of disabling mental impairment based on benign mental exam results).

Finally, the ALJ considered symptoms with mixed results including psychomotor agitation, numbness in her right side and constant daily headaches. (ECF No. 17 at 39-40). But he also found that other testing or self-reporting of symptoms showed that these results improved, or, despite the symptom, did not result in a disabling physical condition. (*Id.* at 38-40). The most frequent recurring symptom, headaches, were found to be a severe impairment. (*Id.* at 34). Thus, the ALJ considered headaches (*Id.* at 35) in combination with other listed impairments, including somatic symptom disorder, when considering the Step Three requirement that the ALJ determine whether the individual's impairments or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. § 404.1520(a)(4)(iii). (*Id.* at 35). The ALJ found no impairment or combination of impairments that met one of the listed impairments. Plaintiff has waived objections to the ALJ's failure to find a listed impairment (particularly 12.07) by not challenging it here. *See Bray v. Comm'r*, 554 F.3d 1219, 1226 (9th Cir. 2009) (citing *Rattlesnake Coal. v. E.P.A.*, 509 F.3d 1095, 1100 (9th Cir. 2007)).

Accordingly, Defendant has demonstrated clear and convincing reasons for discounting some of Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms related to somatic symptom disorder.

Looking at the record as a whole, substantial evidence supports the ALJ's findings as to both of the issues raised by Plaintiff.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reversal or Remand (ECF No. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's Cross-Motion to Affirm and Opposition to Plaintiff's Motion for Reversal and/or Remand (ECF Nos. 21, 22) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment in favor of the Commissioner and close this case.

DATED: September 27, 2023.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE